**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

JUSTIN KRAUT,

Plaintiff,

v. Case No.: Pending

RICHLAND COUNTY, WISCONSIN

&

DEPUTY CUAY ISAACSON, in his individual
and official capacities.

Defendants.

# COMPLAINT

Plaintiff Justin Kraut, by and through his attorneys, by Attorney Joseph W. Seifert, for his Complaint against Defendants Richland County, Wisconsin and Deputy Cuay Isaacson, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil-rights action under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, together with related claims under Wisconsin law, arising from the unlawful stop, detention, arrest, and prosecution of Plaintiff Justin Kraut by Deputy Cuay Isaacson of the Richland County Sheriff's Office on and after October 6, 2023.

2. Mr. Kraut, who was lawfully walking home and lawfully carrying a firearm, was seized and arrested on the false assertion that he was intoxicated while armed. A blood test confirmed that he had no alcohol in his system. He was nonetheless jailed, subjected to a forced blood draw, and

prosecuted, and he spent 14 days incarcerated before the charges against him were dismissed. Mr. Kraut seeks compensatory and punitive damages, attorneys' fees and costs, and other relief as set forth below.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (a)(4), because those claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Plaintiff's Wisconsin state-law claims under 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendants reside in this district and a substantial part of the events and omissions giving rise to the claims occurred in Richland County, Wisconsin, which lies within the Western District of Wisconsin.

## PARTIES

6. Plaintiff Justin Kraut is an adult resident of the State of Wisconsin.

7. Defendant Richland County, Wisconsin is a political subdivision and municipal corporation organized under the laws of the State of Wisconsin. At all relevant times, Richland County operated the Richland County Sheriff's Office and employed Deputy Cuay Isaacson.

8. Defendant Deputy Cuay Isaacson is, and at all relevant times was, a deputy sheriff employed by the Richland County Sheriff's Office. At all relevant times, Deputy Isaacson acted under color of state law and within the scope of his employment. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

9. Mr. Kraut is a resident of Richland County who has a Wisconsin permit to lawfully carry a concealed weapon in the State of Wisconsin.

10. On the night of October 6, 2023, at approximately 11:00 p.m., Mr. Kraut was unable to sleep and rode his bicycle into the City of Richland Center. His bicycle got a flat tire, and he continued on foot toward home.

11. At all relevant times, Mr. Kraut was lawfully carrying a firearm and had not consumed alcohol. He was committing no crime.

12. As Mr. Kraut crossed the Richland Center Police Department parking lot on foot, a deputy stopped him, directed him to take his hands out of his pockets, and asked what he was doing. Mr. Kraut answered and told the officers that he was fine, did not need assistance, and would walk home. He then continued on his way. The first deputy took no further action at that time.

13. A short time later, Mr. Kraut stopped and repositioned his lawfully carried firearm from his waistband to his jacket pocket. An officer who observed him misreported that he had been urinating in public, when in fact he had only repositioned the firearm.

14. Deputy Cuay Isaacson then tracked Mr. Kraut's movements. Believing, without any lawful basis, that Mr. Kraut was intoxicated, Deputy Isaacson watched to see whether Mr. Kraut would get into a vehicle and drive.

15. While Mr. Kraut was walking home along the sidewalk with an illuminated blinking light, Deputy Isaacson passed him, made an abrupt U-turn, activated his bright "takedown" lights, and positioned his patrol vehicle so as to block Mr. Kraut's path. Deputy Isaacson reported to dispatch that Mr. Kraut had just been at the police department and was "highly intoxicated."

16. By the positioning of the patrol vehicle, the activation of the takedown lights, and Deputy Isaacson's conduct and demeanor, Mr. Kraut was seized and was not free to leave.

17. Deputy Isaacson asked whether Mr. Kraut was armed. Mr. Kraut answered truthfully that he was, complied with Deputy Isaacson's instructions, and permitted Deputy Isaacson to remove the firearm. Deputy Isaacson accused Mr. Kraut of being intoxicated while armed. Mr. Kraut told Deputy Isaacson that he was not intoxicated.

18. No officer informed Mr. Kraut of any lawful basis for his detention. At no point did Deputy Isaacson have probable cause, or reasonable grounds, to believe that Mr. Kraut had committed or was committing any crime.

19. Deputy Isaacson asked Mr. Kraut to perform field sobriety tests. Mr. Kraut declined and explained that he was recovering from a previously broken leg and had a recently fractured hand that, although out of a cast, could easily be injured again.

20. Despite being told of Mr. Kraut's injured hand more than once, the officers handcuffed Mr. Kraut with his hands behind his back and placed him in a patrol vehicle in a manner that forced him to sit on his fractured hand, causing him severe pain, while Deputy Isaacson sought a warrant for a forced blood draw.

21. Mr. Kraut was in such pain that a sergeant later placed him in belly restraints and secured his hands in front of his body. The officers' own reports note that Mr. Kraut was in visible distress.

22. Mr. Kraut was transported to a hospital, where he was told that officers were obtaining a search warrant for his blood. In the affidavit submitted in support of that warrant, Deputy Isaacson stated that Mr. Kraut "reeked of alcohol." That statement was false, and Deputy Isaacson knew or should have known it was false.

23. After the warrant was issued, a sergeant threatened Mr. Kraut, stating that he would "pin [him] down" if Mr. Kraut did not submit to the blood draw. Although Mr. Kraut was compliant and not combative, he submitted to the blood draw.

24. The results of the blood test showed a blood alcohol concentration of less than .02%. The test detected only a prescription medication that Mr. Kraut takes for insomnia. Mr. Kraut was not intoxicated by alcohol, and there was no factual basis for the assertion that he had been carrying a firearm while intoxicated.

25. Mr. Kraut was booked into jail and held overnight. He was later subjected to strict conditions prohibiting the use of alcohol and the possession of firearms.

26. In reliance on the firearm-possession condition, Mr. Kraut surrendered his firearms to friends and family. Despite that Mr. Kraut did not reside at his mother's home, law enforcement searched that home, seized firearms found there, and caused Mr. Kraut to be arrested and charged for constructive possession of those firearms, although he had no dominion or control over them.

27. As a result of these events, Mr. Kraut was incarcerated for a total of 14 days.

28. The charges against Mr. Kraut were ultimately dismissed.

29. As a direct and proximate result of Defendants' conduct, Mr. Kraut suffered physical pain and injury, loss of liberty, emotional distress, humiliation, displacement from his home, loss of property, and other damages.

**COUNT I**
**42 U.S.C. § 1983 — Fourth Amendment — Unreasonable Seizure and Arrest Without Probable Cause**
**(Against Deputy Isaacson)**

30. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

31. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals against unreasonable searches and seizures.

32. Acting under color of state law, Deputy Isaacson seized, detained, and arrested Mr. Kraut without a warrant and without probable cause to believe that Mr. Kraut had committed or was committing any crime.

33. Deputy Isaacson's assertion that Mr. Kraut was intoxicated while armed was false and was not supported by probable cause, as confirmed by the blood test showing no alcohol in Mr. Kraut's system.

34. By reason of the foregoing, Deputy Isaacson deprived Mr. Kraut of his rights under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983, causing Mr. Kraut the damages described above.

**COUNT II**
**42 U.S.C. § 1983 — Fourteenth Amendment — Deprivation of Liberty Without Due Process**
**(Against Deputy Isaacson)**

35. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

36. The Due Process Clause of the Fourteenth Amendment protects individuals against deprivation of liberty on the basis of knowingly false or fabricated evidence.

37. Acting under color of state law, Deputy Isaacson knowingly made false statements, including the false assertion that Mr. Kraut "reeked of alcohol" and was intoxicated, which were used to detain Mr. Kraut, to obtain a warrant, and to initiate criminal proceedings against him.

38. Mr. Kraut was deprived of his liberty, including through his detention and 14-day incarceration, as a result of this knowingly false and unsupported evidence.

39. By reason of the foregoing, Deputy Isaacson deprived Mr. Kraut of his rights under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, causing Mr. Kraut the damages described above.

**COUNT III**
**42 U.S.C. § 1983 — Monell Municipal Liability**
**(Against Richland County)**

40. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

41. At all relevant times, Richland County was responsible for the policies, customs, practices, training, and supervision of the deputies of the Richland County Sheriff's Office.

42. Upon information and belief, the violations of Mr. Kraut's constitutional rights were caused by one or more policies, customs, or practices of Richland County, and/or by Richland County's failure to adequately train and supervise its deputies with respect to lawful stops and seizures, the requirement of probable cause for arrest, the lawful carry of firearms, and the standards for constructive possession, amounting to deliberate indifference to the constitutional rights of persons such as Mr. Kraut.

43. Such policies, customs, practices, and failures to train and supervise were a moving force behind the violations of Mr. Kraut's constitutional rights.

44. By reason of the foregoing, Richland County is liable to Mr. Kraut under 42 U.S.C. § 1983 for the damages described above.

**COUNT VII**
**Indemnification (Wis. Stat. § 895.46)**
**(Against Richland County)**

45. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46. At all relevant times, Deputy Isaacson was an officer and employee of Richland County acting within the scope of his employment and in his official capacity.

47. Under Wis. Stat. § 895.46(1)(a), Richland County is required to pay any judgment for damages and costs entered against Deputy Isaacson, in excess of applicable insurance, for acts committed within the scope of his employment.

48. Richland County is therefore liable to pay any judgment entered against Deputy Isaacson on the claims set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Justin Kraut respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Awarding compensatory damages against Defendants in an amount to be determined at trial;

B. Awarding punitive damages against Deputy Isaacson in an amount to be determined at trial;

C. Awarding Plaintiff his reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and other applicable law;

D. Ordering, pursuant to Wis. Stat. § 165.84 and other applicable law, the expungement of the arrest and related records arising from the unlawful arrest and dismissed charges;

E. Awarding pre-judgment and post-judgment interest as allowed by law; and

F. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 30th day of September, 2026

SEIFERT, SMALL & ASSOCIATES LLC
*Attorneys for Plaintiff*

Electronically signed by:

*/s/ Joseph W. Seifert*
Joseph W. Seifert, Bar No. 1073592

Prepared by:
Atty. Joseph W. Seifert
757 N. Broadway Street, Ste 300
Milwaukee, WI 53202
(414) 273-9900
(414) 240-8602 facsimile
joseph@seifertsmall.com